UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.

BRIAN YOUNG,

    Plaintiff,

v.

J & J BOCA II, LLC. d/b/a FRESH KITCHEN
a Florida limited liability company,
and BRANDI LEVINSON, individually

    Defendants.
_____/

## COMPLAINT

    Plaintiff, BRIAN YOUNG, (herein referred to as "Plaintiff" or "YOUNG"), by and through his undersigned attorney, hereby files this Complaint against J & J BOCA II, LLC. d/b/a FRESH KITCHEN and BRANDI LEVINSON (hereinafter, "FRESH KITCHEN" and "LEVINSON" and collectively, "Defendants"), and says:

### JURISDICTION AND VENUE

    1.    This action is brought against the Defendants pursuant to 29 U.S.C. § 201, et seq. (hereinafter the "Fair Labor Standards Act", the "FLSA" or the "Act").

    2.    Jurisdiction is conferred upon this Court pursuant to 29 U.S.C. § 216(b), 28 U.S.C. § 1331, and 28 U.S.C. § 1367.

    3.    Venue is proper in the Southern District of Florida because Plaintiff was employed by Defendants in this District; because Defendants, at all material times, conducted and continue to conduct business in the Southern District of Florida; because the acts that give

1

rise to Plaintiff's claims occurred within the Southern District of Florida; pursuant to 28 U.S.C. §§ 1391(b) and (c); and because Defendants are subject to personal jurisdiction herein.

4. Plaintiff says that all conditions precedent to the maintenance of this action have heretofore been performed or have been waived.

**PARTIES**

5. Plaintiff YOUNG is a resident of the Southern District of Florida. During all times relevant to this Complaint, Plaintiff YOUNG was employed by Defendant as a Kitchen Manager. Plaintiff was therefore an employee as defined by 29 U.S.C. § 203(e).

6. Defendant FRESH KITCHEN is a limited liability company organized and existing under and by virtue of the laws of Florida and registered to do business within Florida. FRESH KITCHEN has its principal place of business in Boca Raton, Florida. Defendant FRESH KITCHEN has, at all times material hereto, conducted substantial and continuous business within the Southern District of Florida, and is subject to the laws of the United States and the State of Florida.

7. Defendant FRESH KITCHEN is an "employer" as defined by 29 U.S.C. § 203(d) and (s)(1), in that it has employees engaged in commerce or in the production of goods for commerce or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

8. Specifically, FRESH KITCHEN is a restaurant where the use of goods transported across interstate lines. Plaintiff regularly cooked on the line as well as made orders occasionally when needed. These orders were made using phones and/or the internet.

9. At all times material to this Complaint, Defendant has had two (2) or more employees who have regularly sold, handled, or otherwise worked on goods and/or materials that

have been moved in or produced for commerce which as employees subject to the provisions of the FLSA, 29 U.S.C. § 207.

10. Defendant FRESH KITCHEN, upon knowledge and belief, has gross revenue which exceeds $500,000 for each of the past three (3) years and utilizes goods in the flow of commerce across state lines.

11. Defendant LEVINSON acted directly in the interest of her company as an owner. Upon all available information, LEVINSON created the schedules and method of pay. She also controlled the manner in which YOUNG performed his work.

12. Both Defendant FRESH KITCHEN and LEVINSON were "employers" of Plaintiff as that term is defined under 29 U.S.C. § 203(d).

## GENERAL ALLEGATIONS

13. Plaintiff is a non-exempt employee of Defendant and is subject to the payroll practices and procedures set forth hereinafter, and who worked in excess of forty (40) hours during one or more workweeks within three (3) years of the filing of this complaint.

14. Though YOUNG was titled as a Manager, he did not do anything different than the individuals he was "managing." At least 80% of Plaintiff's day to day work in a given week involved cooking on the line rather than giving directives to employees. Further, Plaintiff did not have any hiring or firing authority, could not set other employee's pay or discipline employees.

15. The only function Plaintiff did, on occasion, which was different than that of the other cooks was that he made orders for the restaurant as necessary. However, YOUNG did not have independent decision making authority.

16. Throughout his employment, YOUNG was misclassified as an exempt employee of Defendants and was not paid for his overtime.

17. YOUNG began working for Defendants in August/September 2015. Plaintiff quit his job on April 7, 2016.

18. At all times pertinent to this action, Defendants failed to comply with 29 U.S.C. §§ 201 – 219 in that Plaintiff performed services for Defendants for which no provision was made to properly pay for those hours worked over forty (40) in a given workweek.

19. Based on the information currently available to Plaintiff, YOUNG was paid $50,000/year. He was paid every two weeks.

20. When Plaintiff began working for Defendants, there was an understanding between Defendants and Plaintiff that his salary was to compensate him for 50 hours of regular time.

21. YOUNG regularly worked between 60-65 hours per week. He was normally scheduled 5–6 days per week.

22. Further, in late March 2016, Defendants notified YOUNG that they would no longer be paying for his son's medical coverage, despite the fact that Defendants had paid for the health insurance coverage of Plaintiff's son for several months.

23. Defendants deducted $260.64 from two of Plaintiff's pay checks (3/21/16 and 4/4/16).

24. Defendants and their representatives knew that Plaintiff was working overtime, and that Federal law requires employees to be compensated at time and one-half per hour for overtime pay.

25. Defendants maintained complete control over the hours Plaintiff worked and the pay he was to receive.

26. Plaintiff has retained the undersigned firm to prosecute this action on his behalf and has agreed to pay it a reasonable fee for its services.

27. Plaintiff is entitled to his reasonable attorneys' fees and costs if he is the prevailing party in this action.

## COUNT ONE – VIOLATION OF FLSA / OVERTIME
## (AGAINST ALL DEFENDANTS)

28. Plaintiff re-alleges and re-avers paragraphs 1–27 as fully set forth herein.

29. Since the commencement of Plaintiff's employment, Defendants have willfully violated the provisions of § 7 of the Act [29 U.S.C. § 207] by employing employees engaged in commerce for workweeks longer than forty (40) hours without compensating him for all hours worked in excess of forty (40) hours at a rate not less than one and one half times his regular rate.

30. Specifically, YOUNG worked approximately 60–65 hours during each work week in which he was employed, but his pay was only to compensate him for 50 hours of regular work.

31. Plaintiff was not exempted from the overtime provision of the Act pursuant to the provisions of the Act, 29 U.S.C. § 213(a), in that he was neither bona fide executive, administrative, or professional employees. Plaintiff performed manual labor tasks and did not have decision-making authority.

32. Defendants have knowingly and willfully failed to pay Plaintiff at time and one half of his regular rate of pay for all hours worked in excess of forty (40) per week between the relevant time period.

33. By reason of the said intentional, willful and unlawful acts of Defendants, Plaintiff has suffered damages plus incurring costs and reasonable attorneys' fees.

34. As a result of Defendants' willful violations of the Act, Plaintiff is entitled to liquidated damages.

35. Plaintiff has retained the undersigned counsel to represent him in this action, and pursuant to 29 U.S.C. § 216(b), Plaintiff is entitled to recover all reasonable attorneys' fees and costs incurred in this action from Defendants.

**WHEREFORE**, for workweeks within three (3) years of the filing of this Complaint, Plaintiff BRIAN YOUNG demands judgment for:

    a)    Overtime payment, wages, salary, lost benefits, and any other compensation denied or lost to Plaintiff by reason of Defendants' violation of the FLSA.

    b)    Interest on the amount found due;

    c)    Liquidated damages;

    d)    A jury trial on all issues so triable;

    e)    Assessment against Defendants of reasonable costs and reasonable attorney's fees of this action; and

    f)    Such other relief as the Court deems just and proper.

## COUNT II – UNPAID WAGES
## (AGAINST ALL DEFENDANTS)

36. Plaintiff re-alleges and re-avers paragraphs 1–27 as fully set forth herein.

37. Plaintiff brings this action under Florida Statutes § 448.01 *et seq.* and/or common law for unpaid wages.

38. Defendants improperly deducted Plaintiff's wages from two of Plaintiff's pay checks (3/21/16 and 4/4/16) to reimburse Defendants for payments made to Plaintiff's insurance carrier.

39. Defendants paid for Plaintiff and his son's health insurance premiums for several months. However, after making payments for several months, Defendants decided they would not be responsible for Plaintiff's son's health insurance premium, and proceeded to begin deducting those premiums already paid by Defendants from Plaintiff's pay checks.

40. These deductions were taken out by Defendants without written consent from Plaintiff.

41. Further, the deductions were made from the wages already earned by Plaintiff.

42. Because this is an action for unpaid wages, Plaintiff demands payment of his attorney's fees under Florida Statutes § 448.08.

**WHEREFORE**, Plaintiff BRIAN YOUNG demands judgment for:

a) Wages, salary, lost benefits, and any other compensation deducted from Plaintiff's pay;

b) Interest on the amount found due;

c) A jury trial on all issues so triable;

d) Assessment against Defendants of reasonable costs and reasonable attorney's fees of this action under Florida Statutes § 448.08; and

e) Such other relief as the Court deems just and proper.

## COUNT III – UNPAID WAGES
## (AGAINST ALL DEFENDANTS)

43. Plaintiff re-alleges and re-avers paragraphs 1–27 as fully set forth herein.

44. Plaintiff brings this action under Florida Statutes § 448.01 *et seq.* and/or common law for unpaid wages.

45. Defendants failed to pay Plaintiff his final paycheck which was due to him on or about April 22, 2016.

46.     Defendants stated that they did not pay Plaintiff because he still owed money relating to the insurance premiums paid by Defendants.

47.     Plaintiff worked about twenty-five hours during April 4, 6, and 7 and is due his hourly wage (or at least minimum wage) for each of those hours worked.

48.     Because this is an action for unpaid wages, Plaintiff demands payment of his attorney's fees under Florida Statutes § 448.08.

**WHEREFORE**, Plaintiff BRIAN YOUNG demands judgment for:

f) Wages, salary, lost benefits, and any other compensation for which Defendant failed to pay Plaintiff;

g) Interest on the amount found due;

h) A jury trial on all issues so triable;

i) Assessment against Defendants of reasonable costs and reasonable attorney's fees of this action under Florida Statutes § 448.08; and

j) Such other relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff BRIAN YOUNG demands trial by jury for all issues contained herein so triable by law.

Dated:  May 5, 2016.

**LAW OFFICES OF CHARLES EISS, P.L.**
Attorneys for Plaintiff
7951 SW 6th Street, Suite 308
Plantation, Florida 33324
(954) 914-7890 (Telephone)
(855) 423-5298 (Facsimile)

By:     **/s/ Charles Eiss**
CHARLES M. EISS, Esq.
Fla. Bar #612073

ceiss@icelawfirm.com
LINDSAY M. MASSILLON, Esq.
Fla. Bar #92098
lmassillon@icelawfirm.com
NATHALY LEWIS, Esq.
Fla. Bar #118315
nlewis@icelawfirm.com